UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DON SHAPIRO, INC., d/b/a
DON SHAPIRO PRODUCE
15 Commercial Street
Everett, Massachusetts 02149
(617) 381-6707

    Plaintiff

v.

CAPITOL FOOD CORP. OF FIELDS CORNER
500 Geneva Avenue
Dorchester, Massachusetts 02122
(617) 265-9500

    and

STANLEY M. SLAWSBY
500 Geneva Avenue
Dorchester, Massachusetts 02122
(617) 265-9500

    and

JUDITH M. SLAWSBY
500 Geneva Avenue
Dorchester, Massachusetts 02122
(617) 265-9500

    Defendants

**03 c 12315 PBS**

MAGISTRATE JUDGE Cohen

Civil no. _____

AMOUNT $ 50  51840
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK  F.O.W.
11/19/03

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Don Shapiro, Inc., d/b/a Don Shapiro Produce ("plaintiff"), for its complaint against defendants, alleges:

- 1 -

## JURISDICTION AND VENUE

1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2.      Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claims arose in this District and (b) defendants' principal places of business are in this District.

## PARTIES

3.      Plaintiff, Don Shapiro, Inc., d/b/a Don Shapiro Produce, a corporation with its principal place of business in Everett, Massachusetts, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4.      a.      Defendant, Capitol Food Corp. of Fields Corner ("Capitol Food Corp."), a corporation with its principal place of business in Dorchester, Massachusetts, is engaged in the business of buying wholesale quantities of perishable agriculture commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to license under the provisions of the PACA as a dealer.

        b.      Defendants, Stanley M. Slawsby and Judith M. Slawsby were the officers, directors and managers of Capitol Food Corp., during the period of time in

question, who controlled the day to day operations of Capitol Food Corp. and were in a position of control over the PACA trust assets belonging to plaintiff.

## GENERAL ALLEGATIONS

5.   This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. §499e(c).

6.   Between July 14, 2003 and September 6, 2003, plaintiff sold and delivered to defendants in interstate commerce, wholesale amounts of produce worth $51,153.97, which remains unpaid. A statement of account is attached hereto as Exhibit 1.

7.   Defendants accepted the produce from plaintiff.

8.   At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9.   Plaintiff preserved its interest in the PACA trust in the unpaid amount of $51,153.97 and remains a beneficiary until full payment is made for the produce.

10.  Defendants failed to pay plaintiff as required.

11.  Defendants' failure and refusal to pay plaintiff, indicate that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

## Count 1

(Failure to Pay Trust Funds --
Capitol Food Corp. and Stanley M. Slawsby)

12.  Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.  The failure of defendants to make payment to plaintiff of trust funds in the amount of $51,153.97 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff request an order enforcing payment from the trust by requiring immediate payment of $51,153.97 to plaintiff.

## Count 2

(Failure to Pay For Goods Sold --
Capitol Food Corp. and Stanley M. Slawsby)

14.  Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.  Defendants failed and refused to pay plaintiff $51,153.97 owed to plaintiff for produce received by defendants from plaintiff.

WHEREFORE, plaintiff request judgment in the amount of $51,153.97 against the defendants, jointly and severally.

## Count 3

(Unlawful Dissipation of Trust Assets by
a Corporate Official -- Stanley M. Slawsby)

16.  Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17. Defendant, Stanley M. Slawsby, was an officer and director of Capitol Food Corp. during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

18. Defendant, Stanley M. Slawsby, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

19. Defendant, Stanley M. Slawsby's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

20. As a result of said unlawful dissipation of trust assets, plaintiff have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, plaintiff request judgment against defendant Stanley M. Slawsby in the amount of $51,153.97.

### Count 4

(Unlawful Dissipation of Trust Assets by
a Corporate Official -- Judith M. Slawsby)

21. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22. Defendant, Judith M. Slawsby, was an officer and director of Capitol Food Corp. during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

23. Defendant, Judith M. Slawsby, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

24. Defendant, Judith M. Slawsby's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

25. As a result of said unlawful dissipation of trust assets, plaintiff have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, plaintiff request judgment against defendant Judith M. Slawsby in the amount of $51,153.97.

## Count 5

(Interest and Attorney's Fees)

26. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27. As a result of defendants' failure to make full payment promptly of $51,153.97, plaintiff have lost the use of said money.

28. As a further result of defendants' failure to make full payment promptly of $51,153.97, plaintiff have been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

WHEREFORE, plaintiff request judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys fees.

Dated this 12th day of November, 2003

          Respectfully submitted,

          FLOOD & HARTIGAN

By: _____
      John J. Hartigan
      81 Bridge Street
      Lowell, Massachusetts 01852
      (978) 441-9900

      Attorneys for Plaintiff